UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHRISTELL TILLEY** ) | Case Number |
| ) | |
| Plaintiff ) | |
| ) | **CIVIL COMPLAINT** |
| vs. ) | |
| ) | |
| **MERCANTILE ADJUSTMENT INC.** ) | **JURY TRIAL DEMANDED** |
| **a/k/a MERCANTIL ADJUSTMENT** ) | |
| **BUREAU, LLC** ) | |
| Defendant ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Christell Tilley, by and through her undersigned counsel, Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant and respectfully avers as follows:

### I.   INTRODUCTORY STATEMENT

1.   Plaintiff, Christell Tilley, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II.   JURISDICTION

2.   Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Defendant transacts business here and Defendant maintains a registered office in this District.

### III. PARTIES

4. Plaintiff, Christell Tilley, ("Plaintiff") is an adult natural person residing at 200 S. 2nd Street, Mayoden, NC 27027.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Mercantile Adjustment Bureau, Inc. a/k/a Mercantile Adjustment Bureau, LLC. ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania and the State of North Carolina with its principal place of business located at 40 West Avenue, Rochester, NY 14611 and a registered address at 116 Pine Street, Suite 320, Harrisburg, PA 17101.

6. Defendant is engaged in the collection of debts from consumers using the mail and telephone.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7. In or around July 2009, the Defendant began contacting the Plaintiff regarding an alleged debt due American General Finance on a previous vehicle loan.

8. The Plaintiff's husband passed away five years ago causing the Plaintiff to file for bankruptcy.

9. The Plaintiff is self employed and relies solely on the income from her business.

10. The Plaintiff was unable to pay for her home and vehicle loan due to the loss of her husband's income.

11. The Plaintiff's vehicle was repossessed and sold by American General for much less than it was worth at that time.

12. The Defendant relentlessly began contacting the Plaintiff until the Plaintiff agreed to set up a payment plan.

13. The Defendant has contacted the Plaintiff's employee informing the employee that the Defendant was calling in regards to an unresolved debt of the Plaintiff's.

14. The Plaintiff has been making payments in the amount of $100.00 each month up until May of 2010 when she was no longer capable of doing so.

15. The Defendant began contacting the Plaintiff, in or around June 2010, after the last payment was made and the first payment was missed.

16. The Plaintiff informed the Defendant that she would not be able to make payments until September at which point the Plaintiff should have enough funds to continue.

17. The Defendant told the Plaintiff that the Plaintiff can settle the debt that day by paying $1,600.00.

18. The Plaintiff informed the Defendant that if the Plaintiff could afford to do so, she would settle but that it is impossible due to her lack of funds.

19. The Plaintiff requested documentation from the Defendant showing a breakdown of original money owed, payments made and the remaining balance but the Defendant refused to send the Plaintiff any information.

20. The Plaintiff has continuously made monthly payments for the past year and does not understand how she owes more than what the original amount was when the Defendant took over the debt.

21. The Defendant informed the Plaintiff that if the Plaintiff were not located in North Carolina, that the Defendant would have already garnished the Plaintiff's wages so instead, the Defendant told the Plaintiff that they were going to just levy her bank account.

22. The Defendant's agents have threatened the Plaintiff claiming that if the Plaintiff does not pay the Defendant will take the Plaintiff's business.

23. The above statement upset the Plaintiff since she had already lost her husband, home and vehicle and cannot afford to lose her business since it is the only income the Plaintiff has left.

24. The Plaintiff is afraid that if the Defendant levies the Plaintiff's bank account, like they have threatened to do, she could risk losing her business.

25. The Defendant continues to contact the Plaintiff on a daily basis on her cell phone and place of business.

26. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

27. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

28. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

29. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNT I – FDCPA

30. The above paragraphs are hereby incorporated herein by reference.

31. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

32. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692b(2): | Contact of Third Party: Stated that the consumer owes any debt |
| §§ 1692c(a)(1): | At any unusual time, unusual place, or unusual time and place known to be inconvenient to the consumer |

| | |
|---|---|
| §§ 1692c(b): | With anyone except consumer, consumer's attorney, or credit bureau concerning the debt |
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692d(2): | Profane language or other abusive language |
| §§ 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(2): | Character, amount, or legal status of the alleged debt |
| §§ 1692e(4): | Nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment |
| §§ 1692e(5): | Threaten to take any action that cannot legally be taken or that is not intended to be taken |
| §§ 1692e(10): | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

      §§ 1692f(6):     Taken or threatened to unlawfully repossess or disable the consumer's property

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against Defendant, Mercantile Adjustment Bureau, Inc. a/k/a Mercantile Adjustment Bureau, LLC. and Order the following relief:

    a.    Actual damages;

    b.    Statutory damages pursuant to 15 U.S.C. §1692k;

    c.    Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

    d.    Such addition and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

        **Respectfully submitted,**
        **WARREN & VULLINGS, LLP**

**Date:  September 23, 2010**

        **BY: /s/ Brent F. Vullings**

        Brent F. Vullings, Esquire
        Warren & Vullings, LLP
        1603 Rhawn Street
        Philadelphia, PA  19111
        215-745-9800    Fax 215-745-7880
        Attorney for Plaintiff